Eileen DOWELL, Plaintiff,

v.

John W. GARDNER, Secretary of Health, Education and Welfare, Defendant.

No. 3218.

United States District Court
S. D. Ohio, W. D.

April 22, 1966.

William H. Thornburgh, Troy, Ohio, for plaintiff.

Joseph P. Kinneary, U. S. Atty., Roger Makley, Asst. U. S. Atty., Dayton, Ohio, for defendant.

ORDER

WEINMAN, Chief Judge.

In this case plaintiff, Eileen Dowell, filed a complaint against defendant, John W. Gardner, Secretary of Health, Education and Welfare under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Secretary. Plaintiff had filed a claim for child's insurance benefits under Section 202(d) of the Act, 42 U.S.C. § 402(d) in behalf of her children, Gerald D., Craig R., Malonnie S., and Kevin C. Dowell. In his decision of July 27, 1965, a hearing examiner found that the plaintiff had failed to offer satisfactory proof of the death of her divorced husband, the wage earner upon whose social security earnings record the claim for child's insurance benefits is based and therefore that the children were not entitled to the benefits for which the plaintiff had filed in their behalf on June 30, 1964. The Appeals Council denied the plaintiff's request for review on August 26, 1965, therefore the decision of the hearing examiner became the final decision of the Secretary. Defendant has filed a motion for summary judgment in the action before this Court.

The issue before the Court is whether substantial evidence supports the decision of the Secretary that the Dowell children are not entitled to child's insurance benefits because there has not been satisfactory proof introduced that their father, the wage earner, has died.

The following facts are not in dispute: Plaintiff married the wage earner on April 10, 1946. This was his third marriage. During this marriage the wage earner became the father of five children, one now deceased. On March 16, 1957 wage earner deserted his family before notice of divorce proceedings brought by plaintiff could be served on him. On April 12, 1957, the day on which a temporary order of support was issued in the divorce proceedings he took the family's furnished house trailer from a parking lot. The wage earner burned the trailer on April 24, 1957. He was arrested the next day and committed to the county jail for 10 days. On May 2, 1957, the plaintiff filed a motion to have the wage earner cited in contempt of court for failure to comply with the support order. However,

the wage earner was released from jail on May 9, 1957, a day before the motion was scheduled for a hearing. A warrant was issued for his arrest. A final decree of divorce was granted on December 26, 1957, and the question of permanent support was reserved until the wage earner could be located and brought before the Court.

The plaintiff has not seen or heard from the wage earner since he was brought to court on April 25, 1957. She tried to locate him in 1960 when their first son was killed and when another son was ill. She also wrote to the Sheriff of Wayne County, Michigan, where he had worked in 1957 and 1958 but could not locate him.

The plaintiff has been receiving aid to dependent children since 1957. In checking on the wage earner, the welfare caseworker learned that he had worked for the Budd Wheel Company after deserting his family. Corroboration is seen in his social security record and information from the employer. That record shows that the wage earner was employed by the company as a jig and fixture builder from July 7, 1957 to February 12, 1958 under social security account number 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. The description of the wage earner given by the company corresponds with the description as given by his wife.

Efforts made by a hearing examiner in April 1965 to contact the wage earner's other divorced wife, Evelyn, in Van Nuys, California, where she lived, were unsuccessful. Checks of death, police, and welfare records in Cincinnati and nearby counties where the wage earner had lived, furnished no information of his death or whereabouts. Repeated attempts to interview the son of his first marriage, John Caves Dowell in the Cincinnati area, were also unsuccessful but the son's wife was contacted easily. On August 24, 1964, she informed a social security representative in a telephone interview that she believed that John B. Dowell was living in California and that her husband had not seen the wage earner after the latter had gone to Detroit.[1] On September 4, 1964, she telephoned the social security office in Cincinnati and gave the following information. She had checked with her husband's relatives in Texas and learned that they had not heard from the wage earner since 1947. Moreover, her husband, John C. Dowell, had told her that the only time that he had seen his father was in 1947, that he had remarried and that his whereabouts were unknown. A social security representative in Cincinnati, Ohio, also talked with her on April 1, 1965. The son was not at home and she had no new information although the wage earner's three married sisters were living nearby.

In support of plaintiff's contention that the wage earner is dead, she submitted a copy of the petition which she filed on May 4, 1964 in the Probate Court of Miami County, Ohio. In that action, she prayed that proceedings be held under the Ohio Presumed Decedents' Act to establish a presumption of the death of John Bridwell Dowell as he had been absent for more than seven years and his whereabouts were unknown to her. A hearing was scheduled on June 23, 1964 and notice was given by publication. Later, the Court found that the presumption of death had arisen on June 25, 1964, the date of the preliminary decree and that decree was confirmed on September 15, 1964.

The relevant section of the Secretary's Regulations is section 404.705, 20 CFR 404.705, which provides:

"Presumption of death. Whenever it is necessary to determine the death of an individual in order to determine the right of another to a monthly benefit or a lump-sum death payment under section 202 of the act, and such individual has been unexplainably absent from his residence and unheard of for a period of seven years, the ad-

1. There is no explanation in the record as to why the son's wife believed that the wage earner was living in California; therefore, this statement has no probative value.

ministration, upon satisfactory establishment of such facts and in the absence of any evidence to the contrary, will presume that such individual had died."

The defendant argues that the finding of the Probate Court under the Ohio Presumed Decedents' Act does not under the principles of res judicata nor the principles of collateral estoppel prevent the issue of the time of the decedent's death from being considered and determined by the administrator in the instant action. Citing Nigro v. Hobby, 120 F.Supp. 16 (D.C.Neb., 1954) and cases discussed therein. Defendant further argues that even if the Ohio decree should be accorded probative weight in the instant case, it is clear that seven years had not elapsed between the wage earner's discharge from the Budd Company in February 1958 and the Court's decree of June 25, 1964.

Having reviewed the undisputed facts and the law in this case, the Court finds that there is not substantial evidence to support the decision of the Secretary that the Dowell children are not entitled to child's insurance benefits. The Court finds that there has been satisfactory proof introduced that their father, the wage earner, has been unexplainably absent from his residence and unheard of for a period of seven years and that there is an absence of any evidence to the contrary. Accordingly, it must be presumed that the wage earner has died. Section 404.705 of the Secretary's Regulations. See Tobin v. United States Railroad Retirement Board, 286 F.2d 480 (6 Cir. 1961) and the cases cited therein. Even assuming that the finding of the Probate Court under the Ohio Presumed Decedents' Act is not controlling in this case because seven years had not elapsed between the wage earner's discharge from the Budd Wheel Company in February 1958 and the decree dated June 25, 1964, it is clear that more than seven years have elapsed between February 1958 and September 21, 1965, the date of the filing of the instant action. In fact, more than seven years had

elapsed between February 1958 and August 26, 1965, the date upon which the Appeals Council denied plaintiff's request for review. In the interest of justice, the Appeals Council should have taken that fact into consideration and reversed the decision of the hearing examiner.

Accordingly, the Court hereby reverses the denial of plaintiff's claim before defendant and orders the claim of the minor children approved and directs the defendant to pay the applicable benefits to which such children are entitled, effective commencing June 25, 1964.

It is so ordered.